UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 3:12-cr-00039 (AWT) |
| | : | |
| JOSHUA EASTERLING | : | |

**<u>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE</u>**

For the reasons set forth below, the defendant's Motion for Immediate Release Under the First Step Act (Compassionate Release) (ECF No. 1025) is hereby DENIED.

On February 15, 2013, the defendant pled guilty to twelve counts of a second superseding indictment which charged him with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 846. At sentencing on February 4, 2015 and May 18, 2015, the court found that the defendant's Total Offense Level was 35 and his Criminal History Category was Category VI, which resulted in an advisory range under the Sentencing Guidelines of 292 to 365 months of imprisonment. The government advocated for a sentence of 180 months of imprisonment. The court stated that it agreed with the government that a sentence of 180 months would be proportionate to the sentences received by Easterling's co-defendants and also proportionate to his offense conduct and his role in the offense. But based on steps the defendant had taken towards abandoning a criminal lifestyle, the court imposed a non-Guidelines sentence of 120 months, which was the mandatory minimum, on each of Counts 1 through 12, all to be served concurrently. The defendant is currently serving his sentence at FCI Berlin, which is in Berlin, New Hampshire, and has a projected release date of August 31, 2020.

The court may grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the § 3553(a) factors to the extent they are applicable, the court finds that extraordinary and compelling reasons warrant a reduction of the defendant's term of imprisonment.  After considering the applicable § 3553(a) factors, the court concludes that such extraordinary and compelling reasons are not present here.

The defendant contends that his medical condition is an extraordinary and compelling reason warranting a sentence reduction.  He points out that he "suffers from asthma, requiring the use of an inhaler", and "continues to use an inhaler to control his asthma attacks".  Dft.'s Mem. in Support (ECF No. 1025-1) at 5.  The defendant notes that "[t]the CDC advises 'People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19.  COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease.'"  Id.  However, as the government points out in its opposition, "[w]hile the [Presentence Report] confirms [the defendant]'s history of asthma and his use of an inhaler, there is no indication that his condition is moderate or severe."  Gov't Mem. in Opp. (ECF No. 1026) at 7.  The defendant also points out that he suffered from a stomach virus a few months ago which resulted in him being transported to a hospital in the local community.  The defendant has not established that, due to some medical condition, he is at high risk of severe complications should he contract COVID-19.  Thus his medical conditions do not support a finding that there is an extraordinary reason warranting a reduction in his sentence.

The defendant also argues that the Bureau of Prisons' facilities, including FCI Berlin, cannot protect inmates from exposure to COVID-19.  However, "potential COVID-19 exposure is not by itself an extraordinary and compelling reason to grant release under any circumstances. United

States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020) ('[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]')." Gov't Mem. in Opp. at 6.

After considering the applicable § 3553(a) factors, the court concludes that the defendant fails to present compelling reasons for the reduction of his sentence. As discussed above, the advisory range under the Sentencing Guidelines in this case was 292 to 365 months of imprisonment, which was based on a Total Offense Level of 35 and Criminal History Category VI, but the court imposed a sentence of 120 months. A material component of the Sentencing Guidelines calculation was the defendant's role in the offense, i.e. he received a four-level enhancement for being a leader/organizer. Three of Easterling's co-defendants who were also in Criminal History Category VI had a Total Offense Level of 23. Each received a sentence of 92 months of imprisonment. None of these three had any increase in his offense level based on role in the offense. One of the applicable § 3553(a) factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct". 18 U.S.C. § 3553(a)(6). Given this defendant's role in the conspiracy, a further reduction of his sentence would, particularly in light of the variance from the advisory Guidelines range the court made at sentencing and the reason for that variance, undermine the goal of avoiding unwarranted sentence disparities among similar defendants who have been found guilty of similar conduct.

Moreover, the defendant's situation is less than compelling because to date, FCI Berlin, which has a total of 634 inmates, has no confirmed COVID-19 cases. The defendant concedes that inmates have cloth masks, as do staff members. Thus the defendant is housed in a BOP facility that appears to be managing well the risk of exposure to COVID-19.

Finally, the defendant asserts that the court "should also consider that Mr. Easterling has already served a longer sentence than he might otherwise have."  Dft.'s Mem. in Support at 7.  There was an outstanding warrant for the defendant that was only recently vacated. The defendant represents that, due to the outstanding warrant, he was unable to participate in the 500 Hour Residential Drug Abuse Program, and that had he earned credit for the RDAP program he would have been released by now. The outstanding warrant is not a compelling reason warranting a sentence reduction.  First, the court cannot assume that the defendant would have been otherwise eligible to participate in and earn credit under the rules of the RDAP program, and, in addition, would have successfully completed that program.  Second, the outstanding warrant was quickly vacated once the court and the government were made aware of it by the defendant, and it is not apparent why the warrant could not have been vacated in time for the defendant to participate in the RDAP program.

It is so ordered.

Signed this 16th day of June 2020 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge